IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ROSALINDA ORTIZ, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| NCO FINANCIAL SYSTEMS, INC., | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT

## INTRODUCTION

1. Plaintiff Rosalinda Ortiz brings this action to secure redress from unlawful credit and collection practices engaged in by defendant NCO Financial Systems, Inc. Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA").

## VENUE AND JURISDICTION

2. This Court has jurisdiction under 15 U.S.C. §1692k (FDCPA), 28 U.S.C. §1331 and 28 U.S.C. §1337.

3. Venue and personal jurisdiction in this District are proper because:

    a. Defendant's collection communications were received by plaintiff within this District;

    b. Defendant does or transacts business within this District.

## PARTIES

4. Plaintiff Rosalinda Ortiz is an individual who resides in the Northern District of Illinois.

5. Defendant NCO Financial Systems, Inc. is a corporation with its principal place of business in Pennsylvania. It does business in Illinois. Its registered agent and office is CT Corporation System, 208 S. LaSalle St., Suite 814, Chicago, IL 60604.

6. NCO Financial Systems, Inc. is engaged in the business of using the

mails and telephone to collect consumer debts originally owed to others.

7. NCO Financial Systems, Inc. is a debt collector as defined in the FDCPA.

## FACTS

8. Defendant has been attempting to collect from plaintiff an alleged credit card debt incurred, if at all, for personal, family or household purposes.

9. On May 17, 2010, plaintiff, by counsel, faxed a letter to defendant stating that plaintiff was represented and disputed the claimed debt. A copy of the letter and fax transmission receipt are attached as Exhibit A.

10. Defendant thereafter continuing placing automated calls to plaintiff regarding the debt, including two calls on May 20, 2010 and two on May 19, 2010.

11. Plaintiff was harassed and aggravated as a result.

## COUNT I – FDCPA

12. Plaintiff incorporates paragraphs 1-11.

. 13. Defendant violated 15 U.S.C. §1692c by contacting a represented party directly.

14. Section 1692c provides:

**§ 1692c. Communication in connection with debt collection**

**(a) Communication with the consumer generally. Without the prior consent of the consumer given directly to the debt collector or the express permission of a court of competent jurisdiction, a debt collector may not communicate with a consumer in connection with the collection of any debt–**

> **. . . (2) if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address, unless the attorney fails to respond within a reasonable period of time to a communication from the debt collector or unless the attorney consents to direct communication with the consumer; . . .**

WHEREFORE, the Court should enter judgment in favor of plaintiff and against

defendant for:

      (1)  Statutory and actual damages;

      (2)  Attorney's fees, litigation expenses and costs of suit;

      (3)  Such other and further relief as the Court deems proper.


         s/ Daniel A. Edelman
         Daniel A. Edelman

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
EDELMAN, COMBS, LATTURNER
  & GOODWIN, L.L.C.
120 S. LaSalle Street, 18th Floor
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)

T:\24540\Pleading\Complaint_Pleading.wpd

**NOTICE OF LIEN AND ASSIGNMENT**

Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards. All rights relating to attorney's fees have been assigned to counsel.

s/ Daniel A. Edelman
Daniel A. Edelman

Daniel A. Edelman
EDELMAN, COMBS, LATTURNER
    & GOODWIN, LLC
120 S. LaSalle Street, 18th Floor
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)

4